State vs. Simmons.

## No. 9591.

THE STATE OF LOUISIANA VS. PHILOGÈNE SIMMONS.

38 41
46 546

Alleged errors in rulings of the judge affirming the competency of jurors who were objected to by accused, have no weight when the jurors were peremptorily challenged and did not serve on the jury, and when it does not appear that accused's peremptory challenges were exhausted before the jury was empanneled.

Where it appears from the statement of the evidence attached to a bill of exception that the laws, touching which a charge was asked of the judge, had no application to the ·case, he did not err in refusing the charge on the ground that it had no such application.

APPEAL from the Twenty-first District Court, Parish of St. Martin. *Gates*, J.

*M. J. Cunningham*, Attorney General, and *C. H. Mouton*, District Attorney, for the State, Appellee.

*Felix Voorhies* and *Mouton & Martin* for Defendant and Appellant.

The opinion of the Court was delivered by

FENNER, J. The bills of exception taken to the ruling of the court touching the qualifications of jurors, may be summarily disposed of by the statement that the jurors referred to did not serve upon the jury, but were peremptorily challenged by accused, and that the record ·does not show that the peremptory challenges allowed by law to the ·accused were exhausted. This has been decided so often that it is no longer open to question.

There remain two bills of exception based on substantially the same ·grounds, one to the denial of a motion for a new trial, the other to the refusal of the judge to give a charge requested by counsel for accused. We will consider the one affecting the new trial first.

The motion for new trial was based on the grounds substantially that the indictment charged the accused with larceny of a cow belonging to *unknown*, while the evidence showed that it belonged either to ·the parish of St. Martin by reason of forfeiture under the provisions of Act 236 of 1855, or to Césaire Delahoussaye by prescription acquired under Articles 3454 and 3509 of the Civil Code. Attached to the bill ·of exception is a statement of the evidence on the subject, from which it appears that neither of the laws cited had the slightest application to the facts. The Act of 1855 only applies to stray cattle "not owned by any citizen or resident of this State or owner and cultivator of a ·farm within the State." The evidence does not suggest such non-resident ownership in the remotest manner; nor does it appear that the parish had ever claimed or enforced the forfeiture, as provided in the statute.

So far as Delahoussaye is concerned, the statement of the evidence,. as given by himself, conclusively shows that he does not claim to be· the owner, and advances no title whatever by prescription or otherwise.

The sole effect of the evidence is to establish conclusively that the· cow is the property of an *unknown* person, as charged in the indictment.

The court did not err in refusing the new trial.

What we have just said equally disposes of the exception to the refusal of the judge to give certain charges touching the laws above referred to. He refused on the ground that said laws "had nothing to· do with the cause on trial"; and he was clearly right.

Judgment affirmed.